UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSAN J. YAMIN,
        Plaintiff

v.

CITY OF WESTFIELD POLICE
DEPARTMENT, OFFICER PAUL A.
PELLAN, LIEUTENANT PAUL L.
MILLER, DISTRICT COURT
DEPARTMENT OF THE TRIAL COURT
(WESTFIELD DIVISION), HAMPDEN
COUNTY DISTRICT ATTORNEY AND
INVESTIGATORS,
        Defendants

Civil Action No. 05-30191-MAP

## REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
August 25, 2005

NEIMAN, U.S.M.J.

Susan J. Yamin ("Plaintiff"), proceeding pro se, has submitted for filing a complaint against the City of Westfield Police Department, two of its officers, the District Court of Westfield, and the Hampden County District Attorney and his investigators. Plaintiff's seven page, rambling handwritten complaint lists a litany of perceived wrongs. Together with her complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing

---

[1] This matter has been referred to the court for a report and recommendation pursuant to District Judge Michael A. Ponsor's standing order of August 5, 2002. *See also* 28 U.S.C. § 636(b)(1)(B).

the action. Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the provisions of 28 U.S.C. § 1915(a). However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. For the reasons stated below, the court concludes that it does not.

I. BACKGROUND

As the civil cover sheet to the complaint indicates, Plaintiff seeks redress for a "conspiracy against [her] rights." Plaintiff's complaint itself mentions a variety of incidents surrounding a criminal charge recently made against her, which charge appears still to be in the prosecutorial stage. As might well be understandable, Plaintiff claims not to have committed the assault and battery which is the subject of the charge. For relief, Plaintiff seeks to have (1) the Westfield Police Department's investigative procedures "reviewed, examined and corrected where necessary by the U.S. Department of Justice," (2) the District Attorney's investigative procedures corrected as well, (3) the Westfield District Court "moved to [the] Hampden County Courthouse in Springfield," (4) the charges against her "dropped and vacated from the record," and (5) 'the person who committed the crime found." In addition, Plaintiff seeks monetary damages.

II. STANDARD OF REVIEW

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v.*

2

*Williams*, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke*, 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

### III. DISCUSSION

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, the court has been careful in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972).

It is evident that Plaintiff's complaint, although heartfelt, is frivolous as a matter of law. Sadly, Plaintiff is seeking to redress a laundry list of slights by an expansive list of officials and institutions. Unfortunately for her cause, however, there is nothing in Plaintiff's complaint justifying its being brought in this court. *See Feeley v. United*

*States*, 16 F.3d 401, 1993 WL 557109, at *1 (1st Cir. 1993) (unpublished) (upholding dismissal of pro se complaint and noting that the plaintiff "has no constitutional right to have certain prosecutions undertaken at his behest") (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). In short, it would be nearly impossible for any one defendant to answer or otherwise reasonably respond. Accordingly, the court will recommend that Plaintiff's complaint be summarily dismissed.

Four other points need to be made with respect to the particulars of Plaintiff's complaint. First, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions. *See Hill v. Town of Conway*, 193 F.3d 33, 34 (1st Cir. 1999); *Wang v. New Hampshire Bd. of Registration*, 55 F.3d 698, 703 (1st Cir. 1995). Second, to the extent Plaintiff asserts claims against the state's judicial branch (and its judges) based on her dissatisfaction with the manner in which it is approaching her case, the doctrine of absolute judicial immunity requires dismissal. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Third, the other individuals and entities against whom Plaintiff makes claims appear to be immune from suit as well. *See Buckley v. Fitzsimmons*, 509 U.S. 269, 272 (1993) (where district attorneys' conduct involves initiation and presentation of state's case, they are absolutely immune); *Alabama v. Pugh*, 438 U.S. 781, 781 (1978) (absent demonstration of consent, state and its subdivision entitled to sovereign immunity). Fourth, the Supreme Court has made clear that civil rights claims that would necessarily imply invalidity of a conviction or sentence should be dismissed "unless [the] conviction has already been invalidated." *Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). That is certainly not the case here.

IV. CONCLUSION

Insofar as Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2), the court recommends that it be DISMISSED.[2]

DATED: August 25, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[2] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).